<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RIVKA HARRARI,<br><br>      Plaintiff,<br><br>      v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., *et al.*,<br><br>      Defendants. | Civil Action No. 21-3337 (ZNQ) (DEA)<br><br>**MEMORANDUM ORDER** |

<u>**QURAISHI, District Judge**</u>

  This matter comes before the Court upon Defendant Experian Information Solutions, Inc.'s ("Defendant") Motion for Judgment on the Pleadings. (ECF No. 20.) Plaintiff Rivka Harrari ("Plaintiff") opposed (ECF No. 23), and Defendant replied (ECF No. 25). Defendant also provided four letters to the Court outlining supplemental authorities it believes affect the disposition of this matter. (ECF Nos. 28-31.) After careful consideration of the Parties' submissions, the Court decides Defendant's motion without oral argument pursuant to Local Civil Rule 78.1. For the reasons outlined below, Defendant's motion is granted.

  The exact issue before the Court today was previously decided by this Court on substantially the same facts. *See Schiff v. Experian Info. Servs.*, No. 21-1167, 2021 WL 5205906, at *2-5 (D.N.J. Nov. 9, 2021). As such, the Court recites only the facts relevant for analyzing Plaintiff's Complaint under that applicable case law.

Plaintiff alleges that Defendant violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. (Compl. ¶¶ 38-51, ECF No. 1.) Plaintiff does not dispute, however, that she failed to pay off four accounts, leading Chase and American Express to "charge off"[1] her accounts. (*See* Pl.'s Opp'n 5, ECF No. 23 (focusing Plaintiff's allegations on the time period after a charge off occurred, but not addressing what led Chase and American Express to charge off her accounts); *see also* Def.'s Reply 1, ECF No. 25.) After the charge offs, Plaintiff entered into a settlement agreement with both Chase and American Express, under which Chase and American Express discharged Plaintiff's outstanding accounts in exchange for payment of less than the full amount owed by Plaintiff. (Ex. B to Def.'s Mot., ECF No. 20-4;[2] *see also* Def.'s Moving Br. 3, ECF No. 20-1.) Plaintiff, thereafter, alleges that her Experian credit report ("ECR") published by Defendant was false where it noted Chase wrote off $9,054, $21,869, and $4,034 in debt, and American Express wrote off $961 in debt. (Compl. ¶¶ 13, 26; Ex. B. to Def.'s Mot.) In the same section of the ECR noting the amount of the write offs (the "Status" section), the report also notes that all written off accounts were "[p]aid in settlement." (Ex. B. to Def.'s Mot.) Under the ECR's "Comment" section, the report states the accounts were "paid in full for less than full balance."

---

[1] Black's Law Dictionary defines "Charge Off" as follows: "To charge off a debt is to 'treat (an account receivable) as a loss or expense because payment is unlikely; to treat as a bad debt.'" *Charge Off*, Black's Law Dictionary (11th ed. 2019)).

[2] "[A] document integral to or explicitly relied upon in the complaint may be considered [by a court] without converting a motion for judgment on the pleadings into a motion for summary judgment." *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (setting forth this rule in the context of a motion to dismiss) (internal quotation marks and citations omitted) (alterations not in original); *Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 256 n.5 (3d Cir. 2004) (applying the rule set forth in *Burlington* in the context of a motion for judgment on the pleadings). Plaintiff's Experian credit report is integral to Plaintiff's Complaint in this case because she alleges it is "inaccurate and materially misleading" and representations in the credit report serve as the basis for her claims against Defendant. (*See generally* Compl.)

(*Id.*) The report also notes that all accounts were closed in June and July 2020, respectively. (*See id.*)

Plaintiff alleges that because she settled her accounts with Chase and American Express subsequent to the charge offs, the credit report is "inaccurate and materially misleading." (Compl. ¶¶ 12-14, 25- 27.) Plaintiff further alleges she notified Defendant, a "consumer reporting agency ["CRA"] regularly engaged in the business of assembling, evaluating[,] and disbursing information concerning consumers for the purpose of furnishing consumer reports," of the alleged inaccuracies in her credit report. (*Id.* ¶ 7.) Defendant, in turn, notified Chase and American Express of Plaintiff's dispute. (*Id.* ¶¶ 17, 30.) Plaintiff alleges that, despite the alleged inaccuracies, Defendant continues to "report[] inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors." (*Id.* ¶¶ 15, 28.)

On February 24, 2021, Plaintiff filed the instant six-count cause of action against Defendant, Chase, and American Express. (*See generally id.*) All counts brought against Chase and American Express have been voluntarily dismissed with prejudice. (ECF Nos. 17, 26.) Therefore, only Counts One and Two against Defendant remain. (Compl. ¶¶ 38-51.) Counts One and Two are brought under 28 U.S.C. § 1681 et seq. and allege Defendant failed to "follow reasonable procedures to assure maximum possible accuracy," "correct erroneous . . . information," and "promptly and adequately investigate information . . . [Defendant] had notice was inaccurate." (*Id.* ¶¶ 39-41, 46.) Defendant now brings the instant motion for a judgment on the pleadings.

Significantly, the facts recounted above mirror exactly the facts that were before this Court when it considered *Schiff*, 2021 WL 5205906, at *1-2. Moreover, the district judge in *Schiff*

evaluated the facts in the context of a Motion for Judgment on the Pleadings, as is the posture of this case. *Id.*; *see also* Fed. R. Civ. P. 12(c).

On substantially the same facts alleged above, this Court in *Schiff* found that "[p]laintiff's theory of [defendant's] inaccuracy [] is predicated on a fundamental misunderstanding of the FCRA's requirements." *Shiff*, 2021 WL 5205906, at *3. The district judge noted that "[t]he FCRA expressly permits CRAs 'to report certain categories of negative credit information . . . for up to seven years after those events occur.'" *Id.* (citing U.S.C. § 1681c(a)(2)- (5)). Two such categories of negative credit information are "accounts placed for collection or charged to profit and loss" and "other adverse item[s] of information." *Id.* With this in mind, the district judge found that charge offs listed in a plaintiff's ECR qualify as adverse items of information, and thus, can be reported for up to seven years. *Id.* (finding "[t]o charge off a debt is to 'treat (an account receivable) as a loss or expense because payment is unlikely; to treat as a bad debt.'" (citing *Charge Off*, Black's Law Dictionary (11th ed. 2019)).

The Court here agrees with its conclusion in *Schiff* that charge offs constitute "adverse items of information" under the FCRA that can be reported by a CRA for up to seven years.  As a result, the Court concludes that Defendant cannot as a matter of law violate the FCRA by including Plaintiff's charge offs in her ECR.[3]

Plaintiff also suggests, however, that her ECR is misleading and violates the FCRA where it suggests that Plaintiff's accounts were written off and remain unpaid although part of her accounts were settled after they were written off. (*See* Pl.'s Opp'n at 11-13.) Again, this Court disagreed with this same assertion in *Schiff*, finding that a plaintiff's credit report is not misleading

---

[3] As noted previously, all relevant charge offs in this case occurred within the last seven years. (Ex. B to Def.'s Mot.)

4

where the accounts, in fact, *were* written off prior to settlement. *Schiff*, 2021 WL 5205906, at *4. Moreover, the district judge in *Schiff* found that an ECR is not misleading where it is apparent to a reader of a plaintiff's ECR that some settlement of plaintiff's accounts was paid where "immediately before the 'written off' language [in a plaintiff's ECR] it clearly notes that [a][p]laintiff's accounts were '[p]aid in settlement'" and where "under the 'Comment' section, the report states the accounts were 'paid in full for less than full balance.'" *Id.*

Here, like in *Schiff*, Plaintiff's ECR contains language immediately before the "written off" language that Plaintiff's accounts were paid in settlement. (Ex. B. to Def.'s Mot.) Here, also as in *Schiff*, Plaintiff's ECR provides under the "Comment" section that Plaintiff's accounts were "paid in full for less than full balance." (*Id.*) As such, like in *Schiff*, the Court is not persuaded by Plaintiff's argument that her ECR suggests that Plaintiff's accounts remain unpaid. Rather, it is clear to a reader of Plaintiff's ECR that a charge off occurred, Plaintiff settled, and that she paid some money in that settlement.

For the reasons outlined above, and adopting this Court's analysis in *Schiff*, the Court finds that Counts One and Two against Defendant cannot move forward as a matter of law. As such, and because Counts One and Two are the only counts remaining in this case,

**IT IS** on this 24th day of March 2023,

**ORDERED** that Defendant's Motion for Judgment on the Pleadings (ECF No. 20) is **GRANTED**;

**ORDERED** that Counts One and Two of Plaintiff's Complaint are **DISMISSED WITH PREJUDICE**;

**ORDERED** that the Clerk's Office terminate ECF No. 20; and it is further

**ORDERED** the Clerk's Office shall close this case.

_____
ZAHID N. QURAISHI
UNITED STATES DISTRICT JUDGE